IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA, for the use
and benefit of Oreo Debris, Inc., and all others
similarly situated                                                           PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:07cv94WJG-JMR

ASHBRITT, INC., and FEDERAL
INSURANCE COMPANY                                                         DEFENDANTS

O R D E R

THIS CAUSE is before the Court on motion of the Plaintiff, the United States of America [United States] for reconsideration [163] of an order dated January 14, 2009[1], granting the motion to transfer part of the case to the Southern District of Florida. The United States claims that the order was clearly erroneous because there was no finding that the forum selection clause in this case was mandatory and enforceable. (Ct. R., Doc. 163, p. 2.)

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) will only be granted if: (1) there has been an intervening change in the controlling law; (2) new evidence, which was not previously available, became available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *See Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992). First and foremost, the contract containing the forum-selection clause in this case is between Ashbritt, Inc., [Ashbritt] and R.M. Shows Construction [Shows]. (Ct. R.,

---

[1](Ct. R., Doc. 155).

Doc. 98-3.) Although listed as a party to this case, Shows is actually a putative "third" tier class member in a case in which a class action has not been certified and no motion for class certification was filed and pending at the time the motion was resolved. (Ct. R., Doc. 155, p. 2.) Accordingly, the Court viewed the contract and its clauses in that light as it pertains to this case.

A forum-selection clause may be mandatory or permissive. A clause is mandatory if the language clearly demonstrates the "parties' intent to make [the forum] exclusive." *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir.2004). "Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." *Von Graffenreid v. Craig*, 246 F. Supp.2d 553, 560 (N.D. Tex. 2003).

The clause in this case provides that "jurisdiction and venue shall lie in Broward County, Florida." (Ct. R., Doc. 98-3, p. 2.) The parties to the contract agreed that Broward County would be the exclusive venue" for resolving disputes. (*Id*.) A mandatory forum-selection clause demonstrates a party's consent to jurisdiction in a specific forum, and courts, absent a showing of fraud or overreaching in creating the clause, enforce such consent. *See Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995). Accordingly, the Court finds that the clause is mandatory. Furthermore, there was no evidence of fraud or overreaching in this case, therefore, the Court found that the clause should be enforced. (Ct. R., Doc. 155, pp. 3-4.) The Court finds no reason to reconsider this finding, and further concludes that the motion for reconsideration should be denied. It is therefore;

ORDERED AND ADJUDGED that the United States' motion for reconsideration [163] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that each party bear its respective costs associated with this motion.

SO ORDERED this the 20th day of May, 2009.

                                             *Walter J. Gex III*
                                      UNITED STATES SENIOR DISTRICT JUDGE