IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA, for the use
and benefit of Oreo Debris, Inc., and all others
similarly situated                                                         PLAINTIFFS

VERSUS                                       CIVIL ACTION NO. 1:07cv94WJG-JMR

ASHBRITT, INC., and FEDERAL
INSURANCE COMPANY                                              DEFENDANTS

O R D E R

THIS CAUSE is before the Court on motion [166] of Defendants Ashbritt, Inc. [Ashbritt] and Federal Insurance Company [Federal] to sever the claims of three Plaintiffs from this case because those Plaintiffs were improperly joined. Also pending before the Court are the unopposed motions of the Plaintiffs for extension time to complete discovery [157, 161]; the motions to compel depositions [162] of newly proposed class representatives; for discovery stay to be lifted [165]; and to dismiss [170] a portion of the class action claims.

Defendants assert that the claims do not arise out of a single transaction or series of transactions, and raise issues which preclude proper joinder of them into one lawsuit. (Ct. R., Doc. 166, p. 1.) There are three remaining Defendants in this case, which began as a putative class action, and the Plaintiffs have indicated that they will no longer seek certification of a class action in favor of pursuing their claims individually. (*Id*., p. 2, citing Ct. R., Doc. 165.) According to Defendants, the only common claim between the Plaintiffs in this case is that the complaint alleges that Ashbritt was required, but failed, to pay each Plaintiff the 10% retainage

within 90 days of completion of the work.  (*Id.*, p. 4.)  Defendants maintain that there is no showing that the claims arise from the same transaction or occurrence, because the claims are made for different types of debris removal work which were performed in different areas of Mississippi with different start and completion dates.  (*Id.*, pp. 2-5.)  Ashbritt asserts that the Plaintiffs are seeking payment for disputed work which require claims and defenses which are highly individualized to each party.  (*Id.*, p. 5.)

Plaintiffs responded by stating that they have no objection to having their individual claims severed and requiring each to file an amended complaint.  (Ct. R., Doc. 168.)  In their motion to dismiss class action claims, Plaintiffs assert that the contractors have individual reasons for not signing a release to Ashbritt and getting an undisputed amount of retainage.  (Ct. R., Doc. 170, p. 1.)  The other putative class members have a pending or concluded cases against Ashbritt and may be represented by other attorneys.  (*Id.*, p. 2.)  In fact, Plaintiffs assert that discovery in the putative class action case shows that the subclasses have too few members or have individual issues which predominate their claims which makes a class action lawsuit unsuitable in this case.  (*Id.*)

Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming that they meet the requirements set forth in Rule 20.  *Applewhite v. Reichhold Chemicals*, 67 F.3d 571, 574 (5th Cir. 1995).  Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.  *Applewhite*, 67 F.3d at 574.

By the Plaintiffs' own admission, there are individual issues which predominate these claims, and additionally, there will be a need for different witnesses and documentary proof to

establish the claims of each of these Plaintiffs.  Although severing the claims will result in a greater number of trials, severance will allow the Court to better manage and resolve the individual claims of the Plaintiffs.  Accordingly, the Court finds that the motion to sever should be granted and that the claims of the individual Plaintiffs in this case should be severed into separate causes of action, each requiring a separate complaint.  The Court will direct the clerk of the court to assign a separate case number for each of the Plaintiffs still remaining in the lawsuit and will require each Plaintiff to file a separate complaint setting forth specific factual allegations in support of their claim, if any.

In connection with the finding, the Court further concludes that the Plaintiffs' motion to voluntarily dismiss allegations raised under Federal Rule of Civil Procedure 23 should be granted.  Finally, the Court finds that the motions for extension of time to complete discovery; to compel depositions; and for discovery stay to be lifted should be denied as moot, with the parties given the option to assert these motions, as necessary, in the severed lawsuits.  It is, therefore,

ORDERED AND ADJUDGED that the motion of the Defendants to sever[166] the Plaintiffs' claims be, and is hereby, granted.  It is further,

ORDERED AND ADJUDGED that all Plaintiffs' claims in Civil Action No. 1:07cv94WJG-JMR shall be severed into individual actions, one for each named Plaintiff. Within **thirty (30)** days of this Order, or by no later than June 22, 2009, each Plaintiff shall file a separate complaint setting forth specific factual allegations regarding their individual claims of discrimination. The Clerk shall copy the pleadings and exhibits from Civil Action No. 1:07cv94WJG-JMR, which shall then be included as part of the record for each severed case.

The Clerk shall assign individual civil action numbers to each of the severed cases. In addition, each Plaintiff shall be required to pay a filing fees.

The current case shall be closed upon the individual cases being severed and replaced by the new filings. All pre-discovery disclosure of case information or other cooperative discovery devices provided for by the Uniform Local Rules of the United States District Courts of Mississippi 26.1(A) and Federal Rules of Civil Procedure 26(a)(1) which have not been previously furnished by the parties shall be disclosed pursuant to said rules. Each severed cases shall remain assigned to United States Senior District Judge Walter J. Gex III, and United States Chief Magistrate Judge John M. Roper. It is further,

ORDERED AND ADJUDGED that Plaintiffs' motion to voluntarily dismiss [170] the class action claim in this case be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the motions of Plaintiffs for extension time to complete discovery [157, 161]; the motions to compel depositions [162] of newly proposed class representatives; and for discovery stay to be lifted [165]; be, and are hereby, denied as moot. It is further. It is further,

ORDERED AND ADJUDGED that each party bear its respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 20th day of May, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE